IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 7, 2008

Charles R. Fulbruge III
Clerk

_____

No. 07-60714
Summary Calendar
_____

WILLIAM O. RIVES, II

Plaintiff-Appellant

v.

SPECTRUM HEALTHCARE RESOURCES, INC.

Defendant-Appellee

_____

Appeal from the United States District Court
for the Southern District of Mississippi
(3:05-CV-606)
_____

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant William O. Rives, II asks us to reverse the district

court's summary-judgment dismissal of his fraud, tortious interference with

contract, and breach of contract claims against Defendant-Appellee Spectrum

Healthcare Resources, Inc. ("Spectrum").[1]   First, Rives contends that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

[1] The district court found that a genuine issue of material fact did exist as to
whether Spectrum had failed to inform Rives of a stop-work order on its contract with the
United States Army before Rives quit his former job, and therefore denied Spectrum's
motion for summary judgment with respect to Rives's claim for detrimental
reliance/equitable estoppel.  The parties subsequently reached a settlement agreement

district court incorrectly granted summary judgment on his claims of fraud and tortious interference with contract because Spectrum did not have a contract with the United States Army to provide dental services at Camp Shelby at the time Spectrum negotiated with and entered into contracts with him to provide dental services. Second, Rives contends that the district court erred in granting summary judgment on his breach of contract claim because a genuine issue of material fact exists as to whether Spectrum breached its contracts with Rives by failing to provide Rives with a thirty-day notice of termination, as required by his Employment Agreement, and a sixty-day notice of termination, as required by his Independent Contractor Agreement.

We have reviewed the record on appeal and the law applicable thereto as set forth in the appellate briefs of the parties and the rulings of the district court. As a result of our review, we are convinced that the district court properly granted Spectrum's motion for summary judgment. Rives's claims grounded in fraud and tortious interference with contract fail because the undisputed summary judgment evidence demonstrates that Spectrum had a contract with the United States Army for the provision of dental services at the time it was negotiating with and entered into contracts with Rives. Rives's breach of contract claim fails because no genuine issue of material fact

regarding this claim, and the district court dismissed it with prejudice. Although Rives has failed to remove all references to his now-settled detrimental reliance/equitable estoppel claim from his briefs, this claim is not before us.

2

exists as to Spectrum's authority under its Employment Agreement and Independent Contractor Agreement with Rives to terminate him simply "upon notice," in any form, when and if its agreement to provide dental services at Camp Shelby was "reduced, delayed, terminated, or not in effect at any time."[2]  Consequently, the summary judgment of the district court is, in all respects, AFFIRMED.

---

[2] Rives also contends in the alternative that he should be entitled to compensation for the six weeks that "he should have been working," from October 4, 2004, when he was originally scheduled to begin work at Camp Shelby, to November 16, 2004, when the United States Army formally terminated Spectrum's contract.  Rives's argument (which the district court did not address) is without merit, as he could not have begun work at Camp Shelby on October 4, 2004, or any other date, because his credentialing package was never completed. Regardless of whether it was the responsibility of Spectrum or Rives to push Rives's credentialing package over the finish line, there is no material dispute that Rives's credentialing package had not been completed for submission and approval by the United States Army, as required by Rives's contracts with Spectrum.